IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-11-454 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-2213 |
| JURAN DUANE MOORE. | § | |

## ORDER

Pending before the Court is defendant's *pro se* "Motion for Relief from a Final Judgment Pursuant to Federal Civil Rules 60(b)(5) and (6)." (Docket Entry No. 222.) Defendant challenges his 2011 conviction and sentence on claims that his sentence was not properly determined and that counsel was ineffective. Defendant did not raise these issues in his 2016 motion for relief under section 2255, nor does the Rule 60(b) motion challenge the Court's denial of section 2255 relief. The motion will be dismissed without prejudice for want of jurisdiction, as follows.

Federal Rule of Civil Procedure 60(b) provides for relief from a civil judgment or order. *See United States v. Bouldin*, 466 F. App'x 327, 328 (5th Cir. 2012) (per curiam) ("To the extent [defendant's] motion also invoked Rule 60(b), the district court ruled correctly that the Federal Rules of Civil Procedure do not apply to criminal cases."). Nevertheless, criminal defendants commonly, albeit erroneously, rely on the rule in context of motions related to post-conviction relief. When that occurs, the court must first determine whether the motion should be treated as a second or successive section 2255 motion or whether it should be treated as a proper rule 60(b) motion. *See In re Jasper*,

559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [AEDPA] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise.").

In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive—and thus a successive habeas petition—if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper. *Id.*

The Fifth Circuit Court of Appeals recognizes the application of *Gonzalez* to section 2255 proceedings. *See United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013); *see also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (holding that where a Rule 60(b) motion advances one or more substantive claims, as opposed to a procedural claim, the motion should be construed as a successive section 2255 motion). Defendant's reliance on *Buck v. Davis*, ___U.S. ___, 137 S. Ct. 759 (2017), is misplaced

2

because that decision provides no support for his argument that a Rule 60(b) motion is proper in this case. *See, e.g., United States v. Short*, 695 F. App'x 822, 823 (5th Cir. 2017).

Defendant's Rule 60(b) motion seeks to add a new ground for relief, and is substantive. Moreover, the motion raises claims that could have been, but were not, raised in his first section 2255 motion. Defendant does not state, and records for the Fifth Circuit Court of Appeals do not show, that defendant requested or obtained leave to file a successive section 2255 motion raising this new issue. The instant motion stands as an unauthorized successive section 2255 motion.

Defendant's Rule 60(b) motion (Docket Entry No. 222) is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION, subject to his obtaining authorization from the Fifth Circuit Court of Appeals to file a successive section 2255 motion. Any and all pending motions are DENIED AS MOOT. To the extent necessary, a certificate of appealability is DENIED.

Signed at Houston, Texas on March 5, 2018.

Gray H. Miller
United States District Judge